**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DWIGHT WEYAND and GENEVA WEYAND**                                    **PLAINTIFFS**

**VS.**                                   **4:16-CV-00774-BRW**

**AUTO CLUB FAMILY INSURANCE CO.**                                    **DEFENDANT**
*consolidated with*

**JOHNNY POWERS, Personal Representative**                                    **PLAINTIFF**
**of the Estate of Janett Weyand, Deceased**

**VS.**

**AUTO CLUB FAMILY INSURANCE CO.**                                    **DEFENDANT**

*and*

**JOHNNY POWERS, Personal Representative**                                    **CROSS-CLAIMANT**
**of the Estate of Janett Weyand, Deceased**

**VS.**

**DWIGHT WEYAND and GENEVA WEYAND**                                    **CROSS-DEFENDANTS**

**AMENDED ORDER**

Pending are Cross-Defendants' Motion for Summary Judgment on Cross-Claimant's

Amend Cross-Claim (Doc. No. 68) and Cross-Claimant Johnny Powers's Cross-Motion for

Summary Judgment (Doc. No. 77). Responses and replies have been filed.[1]

## I.    BACKGROUND

Janett Weyand purchased a house at 66 Aloha Circle, Sherwood Arkansas in 1977.  In

2014, she was living in the home with her husband Dwight Weyand.  After Janett died intestate

on December 20, 2014, Dwight obtained a homestead in the property, as the surviving spouse.

---

[1]Doc. Nos. 74, 85, 86.

Janett and Dwight were the "named insured" on the home-owners policy for the property for 2014-2015.[2]  After Dwight informed AAA of Janett's death, she was removed from the policy when it was renewed in February 2015.

A fire damaged the home in November 2015.  Defendant denied the claim after an investigation.  Plaintiffs and Defendant will resolve the issue of Plaintiffs' entitlement to the insurance proceeds in a jury trial to commence on August 28, 2018.

Johnny Powers, on behalf of the Estate of Janett Weyand, filed a cross-claim alleging waste, and requested a receiver.  In short, Mr. Powers asserts that Plaintiffs have to use the insurance proceeds to rebuild the house.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  A court must view the facts in the light

---

[2]Doc. No. 34-1.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the burden

of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
> that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[9]

## III.    DISCUSSION

Johnny Powers asserts that addressing the "current possessory interest the various parties

hold regarding" the property warrants a decision in his favor.[10]  He contends that, at all relevant

times, he had a current possessory interest in the home, had a right to live in the home, and,

therefore, had a fiduciary relationship with Dwight Weyand.  Based on the facts in this case,

these assertions are contrary to Arkansas law.

First, Mr. Powers argues that he has a possessory interest under Arkansas Code

Annotated § 28-39-201, which describes homestead rights.[11]  However, he never had possessory

---

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. No. 77.

[11]*Maloney v. McCullough*, 215 Ark. 570, 574 (1949) ("The term homestead has three meanings (1) The homestead premises, or the land and dwelling occupied as a home; (2) the homestead exemption, or right to reserve the home from the claims of creditors; (3) the homestead estate, or the interest of the widow and minor children in their deceased husband's and father's homestead, or the interest of the minor children in their deceased mother's

rights under this statute, because he was over 21 years-old when Janett Weyand died intestate, and "[e]ach child's right . . . cease[s] at twenty one years of age"[12] leaving "only the widow [with] the right of homestead . . . ."[13]  "[A]s heirs of the deceased owner of the homestead, [they] had no right of action for possession of the land in controversy until the termination of the widow's homestead estate."[14]

Additionally, Mr. Powers argues that Mr. Weyand "holds only a 1/3 life estate" in the property based on curtesy rights under Arkansas law.  This assertion ignores the fact that Mr. Weyand's curtesy interest is "<u>additional</u> to his homestead rights and statutory allowances . . . ."[15] Mr. Powers's interest was "subject to the homestead right" of Mr. Weyand, who "held the privilege of possession of [his] homestead right in the property."[16]

Finally, there was no fiduciary relationship under the facts in this case.  As mentioned earlier, Janett Weyand died intestate.  There was no agreement between Dwight Weyand and the heirs regarding the property.  Mr. Powers's  interest in the property was only as remainderman, and he failed to insure his interest.  Without a fiduciary relationship, Mr.  Weyand was not required to insure the interests of Mr. Powers or any other heir.  This same issue was raised in *Coleman v. Gardner*, where the plaintiff alleged:  "The destruction of the building on the

---

homestead.") (citation omitted).

[12]Ark. Code Ann. § 28-39-201

[13]*Henderson v. Henderson*, 212 Ark. 31, 38 (1947).

[14]*Tennison v. Carroll*, 219 Ark. 658, 662 (1951).  See also, *McGarrity v. Wright*, No. CA98-496, 1998 WL 886777, at *2 (Ark. Ct. App. Dec. 16, 1998) ("[I]t has long been held that a remainderman is not entitled to possession of his estate until the preceding estate is extinguished.").

[15]Ark. Code Ann. § 28-39-401(b)(2) (emphasis added).

[16]*Vesper v. Woolsey*, 231 Ark. 782, 785 (1960).

aforesaid premises, and the taking of the entire amount of insurance, for which it was insured, leaving the remaindermen nothing whatsoever, with which to rebuild, would be waste."[17]  The Arkansas Supreme Court rejected this assertion, holding that:

> Mrs. Coleman was the life tenant. Appellant was a remainderman. Each had an insurable interest, and the life tenant insured her interest, paying for such insurance from her own funds. The remaindermen did not insure their interest. No agreement was in effect relative to insurance. Clearly, under our holding, Mrs. Coleman was entitled to the entire proceeds of the policy.[18]

Here, Mr. Weyand was the life tenant.  Mr. Powers was a remainderman.  Mr. Powers did not insure his interest and there was no agreement regarding the insurance purchased by Mr. Weyand.  Accordingly, Mr. Weyand is "entitled to the entire proceeds of the policy."

While this result seems to me to be contrary to public policy and equity, it is Arkansas law, as I understand it.  To be clear, Mr. Powers, as a remainderman, cannot require Mr. Weyand to rebuild the home with proceeds from Mr. Weyand's insurance policy.  Whether Mr. Weyand has committed waste, or may be liable to Mr. Powers under some other Arkansas law, is an issue best resolved in the pending state-court case.

## CONCLUSION

Accordingly, Cross-Defendants' Motion for Summary Judgment on Cross-Claimant's Amend Cross-Claim (Doc. No. 68) is GRANTED and Cross-Claimant's Cross-Motion for

---

[17]231 Ark. 521, 524 (1960).

[18]*Coleman v. Gardner*, 330 S.W.2d 954, 958 (Ark. 1960).  See also *Jackson v. Jackson*, 201 S.W.2d 218, 220–21 (Ark. 1947) ("Since appellant insured her own interest in the premises at her own expense and was under no obligation under the will to insure for the benefit of the remaindermen, and having made no agreement to do so, she is entitled to the proceeds of her policy of insurance free from the claims of appellees."); *Barner v. Barner*, 407 S.W.2d 747 (Ark. 1966) ("The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid.").

Summary Judgment (Doc. No. 77) is DENIED.  To the extent that there are any remaining or other potential state-law claims by Johnny Powers, this Court declines jurisdiction.

 IT IS SO ORDERED this 10th day of August, 2018.

/s/ Billy Roy Wilson _____
UNITED STATES DISTRICT JUDGE